UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-303-GWU

RENITA K. MULLIS, PLAINTIFF,

VS: MEMORANDUM OPINION

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

## INTRODUCTION

Renita Mullis brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).
5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20

>C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
>6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).
>
>7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of

fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be

fully applicable if a non-exertional impairment is involved.  When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e).  It may often be required for the agency to consult a vocational specialist in such cases.  Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985).  Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe.  Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary."  20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b), 416.967(b).  A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).  The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if

that person is a "younger individual."  20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments."  <u>Varley v. Secretary of Health and Human Services</u>, 820  F.2d 777 (6th Cir.  1987).

DISCUSSION

The Administrative Law Judge (ALJ) concluded that Mullis, a 45 year-old former cashier with a high school education, suffered from impairments related to degenerative disc disease of the lumbosacral spine.  (Tr. 17, 212).  Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 18).  Since the claimant's past work as a cashier could still be performed, she could not be considered totally disabled.  (Tr. 20-21).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Mullis could return to her past cashiering work, the ALJ relied heavily upon the information provided by Vocational Expert Carroll Tarvin.  The hypothetical question presented to Tarvin included an exertional limitation to medium level work restricted from a full range by an inability to more than occasionally climb ladders, ropes and scaffolds or to more than occasionally stoop and bend.  (Tr. 230).  In response, the witness testified that Mullis' past work as a cashier could still be performed.  (Tr. 230).  Therefore, assuming that the vocational factors considered by Tarvin fairly characterized the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is

precluded.

The hypothetical question fairly depicted Mullis' physical condition. The hypothetical factors were consistent with the physical restrictions identified by Dr. Jorge Baez-Garcia (Tr. 144-150) and Dr. Humilidad Anzures (Tr. 191-197), the non-examining medical reviewers. More severe physical limitations were not reported by such treating and examining sources as the staff at Columbus Regional Hospital (Tr. 126-135) and the staff at Appalachian Regional Healthcare (Tr. 166-176, 199-200). These reports provide substantial evidence to support the administrative decision.

Heidi Froemke, a nurse-practitioner at Frontier Nursing Healthcare, identified the existence of extremely severe physical limitations on a Medical Source Statement of Ability to do Work-Related Activities Form. (Tr. 201-208). The ALJ rejected this opinion because under the federal regulations at 20 C.F.R. Section 404.1513, as a nurse-practitioner, Froemke was an "other source" rather than an "acceptable medical source" whose opinion would be binding the administration. (Tr. 20). The Sixth Circuit Court of Appeals has held that the opinion of an "other source" is not binding on the administration. <u>Walters v. Commissioner of Social Security</u>, 127 F.3d 525, 530 (6th Cir. 1997). Social Security Ruling 06-03p states that only an "acceptable medical source" can be considered a treating source entitled to superior weight. The ALJ also noted that the assessment appeared to be based upon the plaintiff's subjective complaints rather than the objective medical data required for the opinion of a treating source to be given controlling weight. (Tr. 20). Therefore, the ALJ had good grounds to reject Froemke's opinion.

Mullis asserts that the ALJ erred in failing to find that depression was a "severe" impairment for her imposing significant limitations. However, Dr. Robert Eardley examined the plaintiff opined that she could make personal and social

6

adjustments and would have the ability to understand, remember and carry out instructions. (Tr. 143). Eardley reported no specific mental limitations. Psychologists Jay Athy (Tr. 151) and Edward Stodola (Tr. 177), the non-examining medical reviewers, each opined that the claimant's mental problems did not constitute a "severe" impairment. These opinions are not contradicted in the record by that of another mental health professional. Therefore, the ALJ properly concluded that the plaintiff's mental problems were not "severe."

Finally, Mullis also argues that the ALJ erred by failing to cite specific reasons for concluding that her credibility was not good. However, the ALJ noted a number of reasons for this conclusion including the lack of medical treatment sought, the lack of objective findings upon physical examination from the plaintiff's medical sources, the use of only mild, over-the-counter pain relievers, and the lack of use of other pain relieving methods such as heating pads or home exercise. (Tr. 19-20). Therefore, the Court must reject the claimant's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 21st day of March, 2007.



**Signed By:**

*G. Wix Unthank*

**United States Senior Judge**